UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LARRY L. CASEY,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION,<br><br>    Respondent. | Case No. 1:23-CV-210<br><br>Judge Michael R. Barrett<br><br>**OPINION & ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Doc. 14). Petitioner Larry L. Casey has timely objected, (Doc. 17), but for the following reason, the Court will adopt the recommendation of the Magistrate Judge and deny the petition with prejudice.

**I.    BACKGROUND**

In 2015, a Clinton County grand jury indicted Casey on five counts of rape and five counts of sexual battery—all with accompanying "sexually violent predator" specifications—as well as one count of unlawful sexual conduct with a minor. (Doc. 6, PageID 27-31). Casey pleaded not guilty, and the charges were consolidated for trial with an already pending charge stemming from the failure to update his address on Ohio's sex offender registry. (*Id.*, PageID 39).

Following a four-day trial in January 2016, the jury found Casey guilty of one count of rape, two counts of sexual battery, one count of unlawful sexual conduct with a minor,

1

and one count of failing to update his address on the sex offender registry.[1] (*Id.*, PageID 40-41). The Court imposed an aggregate sentence of 25-years-to-life in prison. (*Id.*, PageID 47).

On appeal before the Ohio Twelfth District Court of Appeals, Casey raised two assignments of error: (1) counsel rendered ineffective assistance by allowing prejudicial testimony to be heard at trial; and (2) the cumulative effect of the court's errors led to the denial of his right to a fair trial. (*Id.*, PageID 50-59). The Twelfth District overruled both assignments of error and affirmed the judgment of the trial court. *State v. Casey*, 2017-Ohio-790 (12th Dist.). Casey did not appeal the judgment to the Ohio Supreme Court.

Proceeding through counsel, Casey sought postconviction relief in April 2017, raising the same two issues. (Doc. 6, PageID 100-12). While that petition was pending, Casey also filed an untimely pro se application to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), asserting that appellate counsel rendered ineffective assistance. (*Id.*, PageID 220-26). The trial court dismissed Casey's postconviction petition in July 2017, and the appellate court denied the application to reopen his appeal in August 2017. (*Id.*, PageID 130-35, 253-54).

Casey appealed the denial of postconviction relief, but in May 2018, the Twelfth District affirmed the trial court's decision. *State v. Casey*, 2018-Ohio-2084 (12th Dist.). Casey did not appeal that judgment to the Ohio Supreme Court, and subsequent attempts to obtain state postconviction relief were unsuccessful. *See State v. Casey*, 201 N.E.3d 917 (Ohio 2023); *State v. Casey*, 2022-Ohio-3100 (12th Dist.).

---

[1] The State elected to dismiss two counts of rape and one count of sexual battery; Casey was acquitted on the remaining counts. (Doc. 6, PageID 39-40).

In April 2023, Casey filed the underlying petition for habeas relief, arguing that "[d]espite the evidence of factual innocence[,] the lower courts ignored the newly discovered evidence and departed from the legislative mandates and treated [him] disparately." (Doc. 1, PageID 6). Upon review, the Magistrate Judge concluded that Casey's single claim is both procedurally defaulted and not cognizable on federal habeas review. (Doc. 14, PageID 1292).

## II. STANDARDS OF REVIEW

When objections are received to an R&R regarding a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *cf. Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (holding that a general objection is insufficient to preserve any issue for de novo review and "has the same effects as would a failure to object"). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs federal review of § 2254 petitions and imposes a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997). Relief under § 2254 is limited to cases in which a state court's judgment:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "when the state court confronts facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from its precedent," or "when the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases." *Williams v. Coyle*, 260 F.3d 684, 699 (6th Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406-07 (2000)). A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct legal principle, but applies that principle in an objectively unreasonable manner. *England v. Hart*, 970 F.3d 698, 710 (6th Cir. 2020). Notably, an unreasonable application is distinct from an incorrect application in that the former sets "a substantially higher threshold" for relief. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### III. ANALYSIS

As a threshold matter, the Court looks to the Magistrate Judge's conclusion that Casey's single ground for relief is procedurally defaulted. "A petitioner may procedurally default a claim by failing to raise it in state court and pursue it through the state's 'established appellate review process.'" *Hruby v. Wilson*, 494 F. App'x 514, 516 (6th Cir. 2012) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "To avoid procedural default, a 'petitioner must fairly present to the state courts either the substance of or the substantial equivalent of the federal claim that he is presenting to a federal habeas court.'" *Id.* (quoting *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004)); *cf. McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (holding that fair presentation requires a petition to assert "both the factual and legal basis for his claim to the state courts").

4

In determining whether a petitioner has fairly presented a claim before the state courts, this Court must "ask whether the petitioner: (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law." *Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). "While a petitioner need not cite 'chapter and verse' of constitutional law, 'general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.'" *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (quoting *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)).

As the Magistrate Judge aptly noted, "[o]ne of the aspects of 'fairly presenting' a claim to the state court is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted." (Doc. 14, PageID 1306). To that end, the Magistrate Judge concluded that Casey failed to satisfy the fair presentment requirement because he "did not rely on federal cases employing constitutional analysis, rely on state cases employing a federal constitutional analysis, phrase his error in terms of constitutional law, or allege facts well within the mainstream of constitutional law." (*Id.*).

Casey counters that his equal protection claim "was properly presented to the state courts for consideration." (Doc. 17, PageID 1333). But the Twelfth District itself clearly held otherwise: "Casey's assignment of error asserts a denial of equal protection. However, his argument is address exclusively to the denial of his motion for a new trial

5

and makes no argument as to how he was denied equal protection of the law." *Casey*, 2022-Ohio-3100, at ¶ 12 n.2. Indeed, in his appeal to the Ohio Supreme Court, Casey's "only mention of 'equal protection' was that the Ohio Constitution prohibited the 'denial to any person the equal protections of the laws.'" (Doc. 14, PageID 1314). Casey's cursory objection is ultimately insufficient to overcome the facts in the record or the Magistrate Judge's reasoned determination that he failed to fairly present a federal equal protection claim to both the Twelfth District and the Ohio Supreme Court.

## IV. CONCLUSION

For the foregoing reason, Casey's objection, (Doc. 17), is **OVERRULED**, and the Magistrate Judge's R&R, (Doc. 14), is **ADOPTED** in its entirety. Accordingly:

1. Casey's petition for a writ of habeas corpus, (Doc. 1), is **DENIED**, and this matter is **DISMISSED with prejudice**;
2. Because reasonable jurists would not debate the Court's procedural ruling, the Court **DECLINES** to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c);
3. The Court **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal. Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                              Michael R. Barrett
                                              United States District Judge